```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

STAR SCIENTIFIC, INC.           *

          Plaintiff             *

     vs.                        *  CIVIL ACTION NO. MJG-01-1504
                                      (Consolidated with MJG-02-2504)
R.J. REYNOLDS TOBACCO COMPANY,  *
et al.
          Defendants            *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER RE: DEFENDANTS' POST-TRIAL MOTIONS

The Court has before it Defendants' Renewed Rule 50(a) Motion for Judgment as a Matter of Law of Non-Infringement [Document 1067], Defendants' Rule 50(a) Motion for Judgment as a Matter of Law of Patent Invalidity [Document 1069], and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

I.   BACKGROUND

In this action, Plaintiff, Star Scientific, Inc. ("Star"), the exclusive licensee of United States Patent Nos. 6,202,649 ("the '649 patent") and 6,425,401 ("the 401 patent") (collectively, "the Patents-in-Suit") sued Defendants R.J. Reynolds Tobacco Company, a North Carolina corporation, and R.J. Reynolds Tobacco Company, a New Jersey corporation (collectively, "RJR") for infringement of certain claims of the Patents-in-Suit

that relate to tobacco curing methods.

Star contended that there was direct infringement by farmers who, under contracts with RJR, cured tobacco in the 2001 and 2002 curing seasons. Star did not sue the farmers but, instead, sought to hold RJR liable for the farmers' alleged infringement.

The case was presented to a jury. The jury, after a twenty-day trial, deliberated for less than six and a half hours before returning a verdict finding that the Patents-in-Suit were not infringed and were invalid.

Specifically, the jury returned a Special Verdict finding that:

1. Star did not prove by a preponderance of the evidence that any of the farmers infringed during the 2001 or 2002 curing seasons.

2. RJR did prove invalidity by clear and convincing evidence on each of the grounds of:

   a. Anticipation

   b. Obviousness

   c. Failure to disclose the best mode

   d. Indefiniteness

The Court has before it Defendants' motions seeking judgment as a matter of law as to infringement and invalidity.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 50, a court may render judgment

as a matter of law after the moving party is fully heard on an issue at trial if there is no legally sufficient evidentiary basis for a reasonable jury to find for the party opposing the motion on that issue.  For a party to prevail on its renewed motion for judgment as a matter of law following a jury trial, the party "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings."  <u>Pannu v. Iolab Corp.</u>, 155 F.3d 1344, 1348 (Fed. Cir. 1998).

III. <u>DISCUSSION</u>

RJR's motions seeking judgment as a matter of law in regard to infringement and invalidity are moot in view of the jury verdict.  Nevertheless, the Court will note it would have granted RJR judgment as a matter of law if the motions were not moot.

The Court must emphasize that it finds the testimony of Dr. Lee regarding infringement inadmissible and by no means adequate to have permitted a reasonable jury to find infringement based thereon.  Thus, judgment as a matter of law would have been granted establishing non-infringement.  Moreover, the Court would have granted RJR judgment as a matter of law establishing invalidity on obviousness and anticipation grounds.

IV.  **CONCLUSION**

For the foregoing reasons:

1. Defendants' Renewed Rule 50(a) Motion for Judgment as a Matter of Law of Non-Infringement [Document 1067] is DENIED AS MOOT.

2. Defendants' Rule 50(a) Motion for Judgment as a Matter of Law of Patent Invalidity [Document 1069] is DENIED AS MOOT.

3. Judgment shall be entered by separate Order.

SO ORDERED, this **Monday, December 21, 2009**.

```
                     /s/
              Marvin J. Garbis
          United States District Judge
```