IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STAR SCIENTIFIC, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY, et al.,<br><br>    Defendants. | Civil Action No. MJG-01-CV-1504<br>(Consolidated with MJG-02-2504)<br><br>Judge Marvin J. Garbis |

**STAR SCIENTIFIC'S NOTICE OF APPEAL
TO THE U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

Plaintiff Star Scientific, Inc. ("Star Scientific"), pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, hereby gives notice that it appeals the following judgment, orders and decisions to the United States Court of Appeals for the Federal Circuit:

(1)     the Judgment Order (Docket No. 1149), entered December 21, 2009, in favor of R.J. Reynolds Tobacco Company, *et al*. ("RJR") dismissing all claims, with prejudice and awarding all assessable costs, including all findings of fact, conclusions of law, and evidentiary rulings (both before and during the jury trial) underlying the Judgment;

(2)     the Memorandum and Order (Docket No. 1146), entered December 21, 2009, denying Star Scientific's Renewed Motion for Judgment as a Matter of Law and, In The Alternative, For a New Trial ("Renewed Motion") (Docket No. 1095) and the Court's prior denial of Star Scientific's Motion for Judgment as a Matter of Law (Docket No. 1065), which had been incorporated by reference into Star Scientific's Renewed Motion;

(3)     the Second Procedural Order (Docket No. 870), entered April 24, 2009, denying (i) Star Scientific's Motion *in Limine* to Preclude RJR's Statistics Experts from Testifying at

Trial (Docket No. 734), (ii) Star Scientific's Motion to Exclude Evidence of the "Peele Method" and to Bifurcate Willfulness Evidence (Docket No. 733), (iii) Star Scientific's Motion for Return of Privileged Documents (Docket No. 826), (iv) Star Scientific's Motion to Exclude Evidence of Star's Commercial Embodiment of its Curing Process (Docket No. 606), and (v) Star Scientific's Motion to Preclude George Varsos from Testifying (Docket No. 856); and also granting (vi) RJR's Cross-Motion to Take the De Bene Esse Trial Testimony of George Varsos (Docket No. 862), and (vii) RJR's Motion to Preclude Star from Arguing or Introducing Evidence that Low-TSNA Tobacco or Star's Alleged Patented Process Results in Safer Cigarettes (Docket No. 747);

(4) the Order Re: Trial Bifurcation (Docket No. 921), entered on May 12, 2009, bifurcating the trial into two phases;

(5) the Pretrial Order Re: Document No. 746 [Filing Date] (Docket No. 923), entered on May 14, 2009, granting RJR's Motion *in Limine* No. 6: To Preclude Star From Introducing Evidence or Argument Relying On September 15, 1998, As the Effective Filing Date For the Patents-In-Suit (Docket No. 746);

(6) the Pretrial Order Re: Document 605 [Willfulness] (Docket No. 924), entered on May 14, 2009, granting RJR's Motion *in Limine* No. 5: To Preclude Arguments and Evidence That Any Alleged Infringement Has Been Willful (Docket No. 605);

(7) the Pretrial Order Re: Documents 869 and 889 (Docket No. 928), entered on May 14, 2009, denying Star Scientific's Renewed Motion *in Limine* to Preclude Dr. Philip B. Stark From Testifying at Trial (Docket No. 869);

(8) the Pretrial Order Re: Document 598 [§ 295] (Docket No. 932), entered on May 14, 2009, granting RJR's Motion *in Limine* No. 1: To Preclude Arguments and Evidence Relating to Shifting the Burden of Proof Under 35 U.S.C. § 295 (Docket No. 598); and

(9) the Order Clearing Record Re Pending Motions (Docket No. 1150), entered on December 22, 2009, reflecting the resolution of various motions;

along with all decisions, interlocutory orders, and rulings related to, or merged into, the above-identified Judgment and Orders, and all other orders and rulings properly subject to appeal in connection with the identified Judgment, Orders and Decisions.

Concurrently herewith, Star Scientific submits a check in the amount of $455.00, to cover the $450.00 fee specified in the Miscellaneous Fee Schedule, and the $5.00 fee required by 28 U.S.C. § 1917.

December 22, 2009

Respectfully submitted,

   /s/ Richard McMillan, Jr.
Richard McMillan, Jr., No. 04955
Mark M. Supko (Admitted *pro hac vice*)
Jennifer H. Burdman (Admitted *pro hac vice*)
Michael I. Coe (Admitted *pro hac vice*)
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Andrew J. Graham, No. 00080
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, Maryland  21202-3201
Telephone: (410) 752-6030
Facsimile: (410) 539-1269

*Of Counsel:*
Carter G. Phillips
Eric A. Shumsky
Peter S. Choi
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
*Counsel for Plaintiff Star Scientific, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of December, 2009, I caused true and correct copies of the foregoing to be served on the persons, and in the manner, indicated below.

<u>Via ECF System to:</u>

Richard A. Kaplan, Esq.
Ralph J. Gabric, Esq.
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower - Suite 3600
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

David B. Hamilton, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
250 W. Pratt Street, Suite 1300
Baltimore, Maryland 21201
Telephone: (410) 545-5850
Facsimile: (410) 545-5801

Barry J. Rosenthal, Esq.
BROMBERG ROSENTHAL LLP
401 North Washington Street, Suite 500
Rockville, Maryland 20850
Telephone: (301) 251-6200
Facsimile: (301) 309-9436

    /s/ Michael I. Coe

.